IN THE

# SUPREME JUDICIAL COURT,

IN THE

## COUNTIES OF WASHINGTON AND AROOSTOOK,

JULY TERM, 1841.

---

### GEORGE H. DELESDERNIER *versus* JABEZ MOWRY.

The fact of seizin is shown by proof of a conveyance to an ancestor of the demandant from one seized, and entry under such deed, and a descent cast; and to impeach such a title on the ground that the conveyance was made to defraud creditors, the tenant must show it fraudulent, that the creditors have by some act avoided the same, and that he is entitled to set up their title against the demandant or those from whom he derived his title.

The deed of a Marshal of the U. S. purporting to convey to the tenant the title of the U. S. by virtue of a levy against such fraudulent grantor without proof of the authority of the Marshal to execute it, will not pass the title of the U. S. nor show that the tenant represented that title.

THIS was an action of entry on the seizin of the plaintiff's ancestor, Lewis F. Delesdernier, Jr. Plea, general issue.

It appeared that in 1815, Lewis F. Delesdernier, senior, conveyed the premises to his sons, Lewis F. Delesdernier, Jr. and William Delesdernier, who soon after went into actual possession, and remained there till Lewis, Jr. the plaintiff's father, died.

The defendant introduced a judgment in favor of the United States against Lewis, senior, recovered in 1812; also, another judgment, obtained by *scire facias* on the first judgment, on

which last judgment execution issued, and was partly satisfied by levy by the United States, in 1821, on a part of the premises.

The defendant introduced the deed of Benjamin Green, Marshal of Maine, dated 1830, in which it is stated, that by the authority of the United States, said Green sold the premises set off on the execution aforesaid, to defendant, at auction, in 1825. This was a deed of release. There was no testimony to show that Green had authority to sell and convey as aforesaid, except the deed itself. To this testimony the plaintiff objected, but the same was used. The defendant disclaimed as to a small part of the demanded premises, which disclaimer was accepted. He claimed several small portions of the demanded premises, being all except what he disclaimed and what was included in the levy of the U. States, by purchase from several individuals, whose titles were derived from Lewis, senior, after the conveyance to Lewis, jr. and William, before named. One of these portions was conveyed to Samuel Mowry, and from Samuel Mowry to the defendant, in 1839, after the commencement of this action. The plaintiff objected to the introduction of those deeds, but they were admitted.

The defendant contended that the deed from Lewis, senior, to Lewis, jr. and William, was fraudulent, or was without consideration, and testimony was admitted, though objected to by the plaintiff, tending to show that Lewis, senior, before the conveyance was made, stated his intention to convey the estate to his two sons, to prevent it from being taken by the United States, and because they had suffered loss of their property in the service of the United States.

SHEPLEY J. who tried the cause, instructed the jury that Lewis, senior, could not convey his estate at that time without receiving a valuable consideration, in such a manner as to prevent the conveyance from being inoperative as against the United States; that if the deed was made by the grantor and received by the grantees for the purpose of defeating or delaying the United States or other creditors of the grantor in the collection of their debts, the deed as against them would be

inoperative, although the grantees had paid a full and valuable consideration for the estate.

That if they should find the deed from Lewis, senior, to Lewis, jr. and William, to have been fraudulently made, or made without a valuable consideration, the seizin of Lewis, jr. would be defeated, and they would return their verdict for the defendant.

*T. J. D. Fuller,* for the plaintiff. The plaintiff, by the deeds introduced by him, has made out a *prima facie* case. The defendant would rebut that by showing title in the U. S. By the deed to Delesdernier, jr. the grantee acquired a seizin in law and fact. The conveyance was good as against the grantor. *Drinkwater* v. *Drinkwater,* 4 Mass. R. 354 ; *Ricker* v. *Ham,* 14 Mass. R. 137. The tenant cannot show title in any person out of the demandant, unless he show it in some one under whom he claims. *Shapleigh* v. *Pillsbury,* 1 Greenl. 271 ; *Wolcott* v. *Knight,* 6 Mass. R. 418. The deed of Green was improperly received. No proof was shown of his authority to convey ; and without such authority the deed was void. This deed being defective, the tenant was a mere intruder without color of title.

*Hobbs* and *Bridges,* for the tenant. The deed of 1815, was found by the jury to have been fraudulent. The instructions given were in accordance with the law as established in *Howe* v. *Ward,* 4 Greenl. 195. By the levy the seizin of Delesdernier, jr. was defeated and the legal seizin vested in U. S. The tenant went in under color of title, claiming the land as his own. If the title never passed from the U. S. he is to be considered as in possession in subservience to the title of the U. S.

The tenant had a right to contest the seizin of demandant. Since St. 1826, c. 444, § 2, every legal ground of defence is open to him. The plaintiff, to recover, must prove his seizin, and the defendant may disprove it by showing title in a stranger. Co. Lit. 11, b. ; 4 Kent's Com. 381. He may prove the seizin of such stranger without claiming title under him. *Stan-*

Delesdernier v. Mowry.

*ley* v. *Perley*, 5 Greenl. 369 ; Jackson on Real Actions, 156. If the tenant may show title in another, he may equally well show the demandant's title fraudulent. *Dunn* v. *Snell*, 15 Mass. R. 483 ; *Greene* v. *Thomas*, 2 Fairf. 318 ; 2 Stark. Ev. 292.

It was not necessary to show the authority of Greene. His deed was admissible to show the extent of the defendant's claim. *Ross* v. *Gould*, 5 Greenl. 204. The title in U. S. was properly received to rebut the seizin of the demandant. The deed of Mowry operated as a confirmation of the tenant's title, and was properly admitted for that purpose. Jackson on Real Actions, 169.

The opinion of the Court was by

Shepley J. — The conveyance from Delesdernier, senior, to his sons, accompanied by proof of their actual entry under it and possession of the premises, established their seizin. And it is on the seizin of one of the sons, that the demandant declares in his writ. The title of the sons would be impeached by proof, that the conveyance was made to defraud the creditors of the grantor ; but as it respects others, the seizin and the title of the grantees would be good. The instructions to the jury on this point were too broad, and did not communicate the proper limitations. The tenant to enable him to defeat that title by one subsequently acquired from the grantor by one of his creditors must show, that he duly represented the creditor's title, and was therefore entitled to set it up against the title of the grantees. If the deed from Green could be received as evidence of the extent of the tenant's claim, without proof of his authority to convey, it could not pass any title from the United States to the tenant, and he must fail to show, that he represented that title. Nor was the proof sufficient to defeat the title of the demandant to those small portions of the premises, which were not included in the levy made by the United States. The tenant's title to them was derived from conveyances by Delesdernier, senior, after he had conveyed to his sons ; and there was no proof, that those subsequent gran-

tees stood in any such relation to their grantor, as would enable them to establish their title against that of his prior grantees.

> The verdict is therefore set aside and
> a new trial granted.